United States District Court
Southern District of Texas
**ENTERED**
April 25, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RONALD SHANKLIN, | § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:22-CV-00236 |
| BOBBY LUMPKIN, | § § § | |
| Respondent. | § § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Ronald Shanklin is an inmate in the Texas Department of Criminal Justice and is currently incarcerated at the Clemens Unit in Brazoria, Texas. Proceeding *pro se*, Shanklin filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on October 4, 2022.[1] (D.E. 1). He filed an amended petition on November 8, 2022. (D.E. 7). Shanklin contends that he received ineffective assistance of counsel in the immediate aftermath of his trial and during his attempts to file a direct appeal. (D.E. 7 at 5). Respondent filed a motion to dismiss contending that the § 2254 petition was untimely, to which Shanklin has not responded. (D.E. 14). As discussed more fully below, it is respectfully recommended that Respondent's motion to dismiss (D.E. 14) be **GRANTED** and Shanklin's habeas

---

[1] Shanklin stated under penalty of perjury that he placed his petition in the prison mail system on October 4, 2022, and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998), and Rule 3, Rules Governing Section 2254 Cases (discussing the mailbox rule).

corpus petition be **DISMISSED** as untimely. It is further recommended that a Certificate of Appealability ("COA") be **DENIED**.

## I.    JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is appropriate because Shanklin was convicted in Nueces County, Texas. 28 U.S.C. § 2254(a); 28 U.S.C. § 124(b)(6); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II.   BACKGROUND

### a.    Petition and Claims

In his amended petition,[2] Shanklin argues that he received ineffective assistance from trial counsel when counsel: (1) failed to file a motion for new trial, which would have extended the time to prosecute an appeal; (2) failed to visit Shanklin in prison after trial; (3) sent no mail to Shanklin after trial; (4) failed to respond to a letter Shanklin sent her after trial; and (5) ignored that Shanklin did not waive his appeal and that he wanted to appeal. (D.E. 7 at 5). He contends that his petition is not subject to the statute of limitations in 28 U.S.C. § 2244(d) because he raises an ineffective-assistance claim. (*Id.* at 13).

### b.    State Court Records

In July 2016, Shanklin was charged in a one-count indictment with assault on a public servant. (D.E. 13-8 at 5). He was placed on deferred adjudication. (*See id.* at 6).

---

[2] It appears that Shanklin may have filed his amended petition because the initial Notice of Deficient Pleading from the Clerk's Office did not explain what was deficient. (*See* D.E. 6). The claims in the amended petition are identical to those in his original petition. (D.E. 1 at 5, 13).

In June 2019, the state moved to revoke Shanklin's deferred adjudication probation. (*Id.* at 9-11). On September 16, 2019, following a hearing, the trial court entered a judgment adjudicating guilt and sentenced Shanklin to 10 years' imprisonment. (*Id.* at 7).

Shanklin filed a notice of appeal to the Thirteenth Court of Appeals of Texas on March 28, 2020. (D.E. 13-1 at 1). However, the court dismissed his appeal for lack of jurisdiction because his notice of appeal was untimely. (*Id.* at 2). The court noted that Shanklin could seek an out-of-time appeal by filing a state habeas corpus petition with the Texas Court of Criminal Appeals ("TCCA"). (*Id.*). The court entered judgment dismissing the appeal on September 10, 2020. (D.E. 13-2 at 1). Shanklin did not file a petition for discretionary review ("PDR"). (D.E. 13-14 at 1).

On October 5, 2020, Shanklin filed his first application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. (D.E. 13-8 at 14-30). Among other claims, Shanklin sought leave to file an out-of-time appeal because his counsel at the revocation proceedings failed to file a motion for a new trial or a notice of appeal. (*Id.* at 14, 19). The state responded that the court lacked jurisdiction to consider the application because the Thirteenth Court of Appeals had not yet entered the mandate in Shanklin's direct appeal, meaning that Shanklin's conviction was not yet final. (*Id.* at 35). The trial court recommended dismissal on this ground. (*Id.* at 38). On December 16, 2020, the TCCA dismissed Shanklin's first Article 11.07 application for lack of jurisdiction because the mandate had not issued at the time he filed the application and his conviction

was not yet final. (D.E. 13-6 at 1). The Thirteenth Court of Appeals issued the mandate on the next day, December 17, 2020. (D.E. 13-3 at 1).

On November 19, 2021, Shanklin filed his second application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. (D.E. 13-13 at 13-28). Liberally construed, he raised the same claims as in his current petition. (*Id.* at 18-19). He again sought an out-of-time appeal. (*Id.* at 13). The trial court initially recommended denying the application, concluding that Shanklin had failed to show that counsel performed deficiently or that he was prejudiced and that an evidentiary hearing was unnecessary. (*Id.* at 60). However, the TCCA remanded the application to the trial court, ordering that the trial court develop the record and obtain a response to the allegations from trial counsel. (D.E. 13-11 at 1-2). After obtaining an affidavit from trial counsel, the trial court again recommended that Shanklin's application be denied. (D.E. 13-12 at 9, 12). On April 13, 2022, the TCCA denied the Article 11.07 application without written order on the findings of the trial court without hearing and on the TCCA's independent review of the record. (D.E. 13-9 at 1).

### III. DISCUSSION

In the motion to dismiss, Respondent contends that Shanklin's claims are barred by the statute of limitations. (D.E. 14 at 6-10). Specifically, Respondent argues that the judgment became final on October 12, 2020, thirty days after the Thirteenth Court of Appeals of Texas dismissed his direct appeal, and Shanklin was accordingly required to file his § 2254 petition by October 12, 2021. (*Id.* at 6-7). Respondent contends that

Shanklin's first Article 11.07 application failed to toll the limitations period because it was filed and disposed of before Shanklin's conviction became final, while his second Article 11.07 application was filed after the limitations period expired. (*Id.* at 7). Finally, Respondent argues that Shanklin is not entitled to equitable tolling. (*Id.* at 7-10).

Shanklin has not responded.

A one-year limitation period applies to an application for a writ of habeas corpus filed by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of either: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States was removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court; or (4) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. *Id.* § 2244(d)(1).

A petition for discretionary review to the Texas Court of Criminal Appeals must be filed within 30 days after either the day the court of appeals rendered judgment or the day the last timely motion for rehearing or *en banc* reconsideration was overruled. Tex. R. App. Proc. 68.2(a). An Article 11.07 application cannot be filed until a direct appeal is final, which is not until a mandate is issued. *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000). An appellate court that has rendered a judgment must issue a mandate 10 days after the time has expired for filing a motion to extend time to file a petition for

5

review or a petition for discretionary review if no such petition or motion has been filed and the TCCA has not granted review on its own initiative. Tex. R. App. P. 18.1(a).

The time during which a properly filed state collateral review application is pending is not counted toward the limitation period. 28 U.S.C. § 2244(d)(2). A state habeas petition filed after the limitation period ends does not toll the limitation period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The timeliness provision in § 2244(d) is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010). A petitioner is entitled to equitable tolling only if he can show that: (1) he has been diligently pursuing his rights; and (2) some extraordinary circumstance stood in his way. *Id.* at 649. Such a circumstance exists where, for example, the plaintiff was misled by the defendant about the cause of action or was otherwise prevented in some extraordinary way from asserting his rights. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). A standard claim of excusable neglect is insufficient. *Id.* Ignorance of the law generally does not excuse prompt filing, even for a *pro se* prisoner. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). The failure to satisfy the limitation period must result from "external factors" beyond the petitioner's control, and delays caused by the petitioner do not qualify. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

Here, Shanklin's § 2254 petition is untimely, and he has not established that he is entitled to statutory or equitable tolling. Under the various Texas laws cited in these proceedings and in Shanklin's previous state court proceedings, it is unclear when his conviction became final for the purposes of § 2244(d)(1)(A). The Thirteenth Court of

Appeals issued judgment in his direct appeal on September 10, 2020. (D.E. 13-2 at 1). Shanklin did not file a petition for discretionary review, meaning his conviction may have become final 30 days after the entry of judgment, which was October 12, 2020.[3] (D.E. 13-4 at 1); Tex. R. App. Proc. 68.2(a). Based on this date, Shanklin's § 2254 petition was due one year later, on October 12, 2021, absent tolling. 28 U.S.C. § 2244(d)(1). However, Shanklin filed a state habeas application on October 5, 2020, after the entry of judgment on direct appeal, that was nonetheless dismissed because it was filed before the Thirteenth Court of Appeals issued the mandate in his direct appeal. (D.E. 13-6 at 1). Texas caselaw also holds that a judgment is not final prior to the issuance of the mandate. *Johnson*, 12 S.W.3d at 473. The mandate did not issue until December 17, 2020, the day after his first Article 11.07 application was denied. (D.E. 13-3 at 1). If Shanklin's federal limitations period runs from this date instead, his petition was due one year later, on December 17, 2021, absent tolling. This memorandum will address both potential deadlines, but Shanklin's petition was untimely under both.

If the proper starting point for the one-year limitations period under § 2244(d)(1)(A) is October 12, 2020, Shanklin is not entitled to statutory tolling because his first application was not properly filed and his second application was filed on November 9, 2021, after the expiration of the limitations period. (*See* D.E. 13-6 at 1; D.E. 13-8 at 29-30); 28 U.S.C. § 2244(d)(2); *Scott*, 227 F.3d at 263. He did not file his present § 2254 petition until October 4, 2022, almost two years after the limitations period expired. (D.E. 1 at 15).

---

[3] October 10, 2020, was a Saturday.

7

However, it appears that the proper starting point under § 2244(d)(1)(A) is December 17, 2020. Section 2244(d)(1)(A) provides that the limitations period expires one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under Texas law, the expiration of time for seeking direct review appears to have been 30 days after the entry of judgment on appeal, after Shanklin failed to file a PDR, as discussed above. However, "the conclusion of direct review" does not appear to have occurred until the Thirteenth Court of Appeals actually issued the mandate in Shanklin's direct appeal on December 17, 2020. (D.E. 13-3 at 1). Texas courts have held that a judgment is not final until this date, and Shanklin's first attempt to file a state habeas application was dismissed because, even though he filed it after judgment was rendered, he filed it before the mandate was issued. (D.E. 13-6 at 1); *Johnson*, 12 S.W.3d at 473. Based on this, Shanklin's federal limitations period expired on December 17, 2021, one year after the issuance of the mandate.

Using December 17, 2020, as the start date for the one-year statute of limitations, Shanklin's first state habeas application still would not provide statutory tolling because it was not properly filed and, regardless, was disposed of before the limitations period began to run. (*See* D.E. 13-6 at 1). However, Shanklin filed his second state habeas application on November 19, 2021. (D.E. 13-13 at 28). Because this was properly filed before the expiration of his federal limitations period, Shanklin is entitled to statutory tolling for the 145 days this application was pending. 28 U.S.C. § 2244(d)(2). This extended the

8

limitations period to May 11, 2022.[4] Shanklin did not file his petition until October 4, 2022, over four months after the expiration of the limitations period. Thus, even running the limitations period from the date the appellate mandate issued and applying statutory tolling for the time Shanklin's properly filed state habeas application was pending, his § 2254 petition is still untimely unless he can show that he is entitled to equitable tolling.

Finally, Shanklin has not established that he is entitled to equitable tolling because he has not shown any extraordinary circumstance that prevented him from filing his § 2254 petition earlier. *Holland*, 560 U.S. at 649. Shanklin has not responded to the motion to dismiss or raised any arguments in support of equitable tolling. In his petition, he contends that he is not subject to the statute of limitations in 28 U.S.C. § 2244(d) because he raises an ineffective-assistance claim. (D.E. 7 at 13). However, ineffective-assistance claims are subject to the same statute of limitations as any other type of claim raised in a § 2254 petition. Moreover, Shanklin filed his state habeas application and § 2254 petition *pro se*, and it was his responsibility to file them in a timely manner. Ignorance of the law or excusable neglect are insufficient to support equitable tolling, even for a *pro se* prisoner. *Lookingbill*, 293 F.3d at 264; *Felder*, 204 F.3d at 172.

Accordingly, Shanklin's § 2254 petition is untimely, and he has not established that he is entitled to equitable tolling.

---

[4] After the issuance of the mandate on December 17, 2020, Shanklin waited 337 days to file his state habeas application on November 19, 2021, leaving 28 days left in the limitations period. As a result, he had 28 days to file his federal petition following the denial of his state application on April 13, 2022—meaning the federal limitations period expired on May 11, 2022.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Shanklin has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where a district court rejects the claims on procedural grounds, a petitioner must show that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right; and (2) the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find it debatable that Shanklin's claims are time-barred. Therefore, it is further recommended that any request for a COA be denied because he has not made the necessary showing for such issuance.

## V. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion to dismiss (D.E. 14) be **GRANTED**. Shanklin's § 2254 petition should be **DISMISSED**

as untimely. In addition, it is further recommended that any request for a Certificate of Appealability be **DENIED**.

Respectfully submitted on April 25, 2023.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).